## IN THE COURT OF APPEALS OF IOWA

No. 24-0231
Filed May 8, 2024

**IN THE INTEREST OF Y.G. and D.G.,**
**Minor Children,**

**N.G., Mother,**
 Appellant.
_____

  Appeal from the Iowa District Court for Polk County, Romonda Belcher, Judge.

  The mother appeals the termination of her parental rights to her two children. **AFFIRMED.**

  Teresa M. Pope of Pope Law, PLLC, Des Moines, for appellant mother.

  Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

  Jami J. Hagemeier of Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

  Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

The juvenile court terminated the mother's parental rights to Y.G. and D.G., who were five and seven years old, respectively, at the time of the termination trial, under Iowa Code section 232.116(1)(f) and (*l*) (2023).[1] On appeal, the mother challenges one of the statutory grounds for termination, argues the loss of her parental rights is not in the children's best interests, claims a permissive factor should be applied to save the parent-child relationships, and—in the alternative— requests additional time to work toward reunification.

We review termination proceedings de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). "We may review the facts as well as the law and adjudicate the parents' rights anew." *Id.*

**Statutory Ground.** The juvenile court terminated the mother's parental rights to both children pursuant to two grounds: paragraphs (f) and (*l*) of section 232.116(1). The mother only challenges the court's reliance on paragraph (*l*). Her failure to challenge termination under paragraph (f) waives any claim of error as it relates to that ground for termination, and we may affirm on that ground without further analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (finding the court did "not have to discuss this step" where the parent did not dispute the existence of at least some of the statutory grounds); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) ("On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing

---

[1] The rights of the children's father were also terminated. He does not appeal.

evidence."). So, we summarily conclude there is clear and convincing evidence for termination under section 232.116(1)(f).

**Best Interests.** The mother argues the loss of her parental rights is not in the children's best interests. In making her best-interests argument, she points to her recent progress in participating in services such as mental-health therapy for herself and the children and substance-use treatment for herself.

The mother took positive steps in the time between the first day of the termination trial in mid-October 2023 and the final day in mid-January 2024.[2] But in determining the best interests of the children, we are required to use the best-interests framework set out by our legislature. *P.L.*, 778 N.W.2d at 37. As mandated, our "primary considerations are 'the child's safety,' 'the best placement for furthering the long-term nurturing and growth of the child,' and 'the physical, mental, and emotional condition and needs of the child.'" *Id.* (quoting Iowa Code § 232.116(2)).

While we commend the mother for her recent progress, we note that this family was involved with the Iowa Department of Health and Human Services and the juvenile court before due to the mother's use of illegal substances, which include methamphetamine and heroin. The department was involved with the family for about two years starting in late 2016 and a period of about five months in 2019 following a police raid of the mother's home. The current involvement began in February 2022, when the children were safety planned out of the mother's care and into the care of their paternal step-grandfather based on allegations the

---

[2] Trial occurred over three days, one day each in October and December 2023 and in January 2024.

mother was using methamphetamine and heroin while caring for the children. The children were formally removed in August 2022 and remained in the step-grandfather's care as of the final date of the termination trial in January 2024. The juvenile court noted the children's relationship with the mother had "waned given her inconsistencies throughout the entirety of this case."

For much of the nearly two years the children were outside of her care, the mother continued to use illegal drugs. Following a dependency assessment conducted in November 2022, the mother was diagnosed with severe amphetamine type use disorder, severe opioid use disorder, severe other hallucinogen use disorder, severe alcohol use disorder, and cannabis use disorder. And according to the mother's testimony at the termination trial, she overdosed on heroin four or five times in 2023 alone, requiring medical intervention to save her life. With this backdrop of facts, the mother's three months of sobriety and participation in beneficial services leading up to the final date of the termination trial is not enough to persuade us that she can provide these children with safety and a permanent home, which are the defining elements of a child's best interests. *See In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011). In contrast, the children have spent nearly two years in the step-grandfather's home where they are safe and well cared for, and the step-grandfather is prepared and willing to adopt them. Termination of the mother's parental rights and adoption is in the children's best interests.

**Permissive Exception.** The mother argues the juvenile court should have applied the permissive exception in section 232.116(3)(a) to save the parent-child relationships. But that exception is only applicable when "[a] relative has *legal*

*custody* of the child." Iowa Code § 232.116(3)(a) (emphasis added); *see In re A.B.*, 956 N.W.2d 162, 170 (Iowa 2021) ("Mother also opposed termination because the children were in the care of a relative. But [section 232.116(3)(a)] can come into play only when a relative has 'legal custody.' [The department] had legal custody." (citation omitted)). And those are not the circumstances here; the department retained custody of the children while they were placed in the grandfather's care. Thus, the permissive exception does not apply here.

**Additional Time.** In the alternative, the mother asks for an additional six months to work toward reunification with the children. The juvenile court may "give the parent an additional six months for reunification only if the need for removal 'will no longer exist at the end of the additional six-month period.'" *In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) (quoting Iowa Code § 232.104(2)(b)). It is up to the parent to show "the impediments to placing" the children with them "will not exist in six months." *Id.* And, to give the parent more time, we must also conclude the delay in permanency is in the children's best interests. *Id.*

Based on the mother's long history of using illegal substances and her struggle to achieve sobriety, we cannot say the need for removal will be remedied within six months. *See In re Z.S.*, No. 15-1535, 2016 WL 757419, at *2 (Iowa Ct. App. Feb. 24, 2016) ("In determining the future actions of the parent, her past conduct is instructive." (citing *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006))); *see also In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020) (questioning whether a parent's relationship with methamphetamine was over where the parent had a long history of using the drug and had been sober only two months before the termination trial). And asking these children to wait longer,

when they have already spent years of their young lives involved with the department, is not in their best interests. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency.").

We affirm the termination of the mother's parental rights to both children.

**AFFIRMED.**